Okay. ... Next case. Never heard that before in my life. Okay. Would the lawyers please approach the bench and introduce themselves, please? Good morning, Your Honor. Jeremiah Cunningham on behalf of the appellant, Sue Rizzio. Good morning, Your Honor. Deborah Lovie-Reyes on behalf of the appellee, Carl Chapman. Good morning, Your Honor. Paul Stigliano on behalf of the people. Have the appellees decided how they're going to divide up their time? I had spoken with a clerk of the division who informed me that we were both given 15 minutes. If that's not the case, that's noose to us, and I suppose we need a moment just to... Why don't we do this, give you each 10 minutes, how's that? That'd be great. Thank you, Your Honor. And how much time do you want for rebuttal? Five minutes, Your Honor. Thank you. Good morning. I represent Sue Rizzio, the appellant. This appeal is taken on Judge Joyce's ruling determining that Sue Rizzio did not have standing to bring a 1401, 2-1401 petition to reopen and rehear a Certificate of Innocence petition. Sue Rizzio was the victim of an assault back in 2002 that related to that Certificate of Innocence, never got notice of it, and the judge determined that she did not have standing. We brought four separate bases upon which we contend that Sue Rizzio had standing and has standing to intervene. Primarily, I'd like to start with Section 408 and just briefly go over the fact that that is the intervention statute. That statute provides a number of circumstances by which individuals can intervene and protect their rights. Non-party intervention, in those three circumstances or included in them are, number one, where their rights are not adequately represented or protected by the parties. Two, a statute provides a conditional right to intervene. Or three, her defense to the 1983 suit has questions in common with the Certificate of Innocence that was decided. I'm asking a question. Given the fact that Rizzio is the complaining witness and the state and the criminal mayor brought the case on behalf of the people in the complaining witness, I mean, aren't they the appropriate party to be intervening here and not so much the complaining witness herself per se? Not in this particular case, Judge. As we branch out into a discussion of 8.1, you can see that the legislature even found and determined that there are circumstances where victims' rights are not adequately represented by the state's attorney. 8.1 and Marcy's amendments and the 2015 amendments specifically cite under Section C5, paragraph 4, that in those situations where the state's attorney does not protect and argue on behalf of the victim's rights, the victim may, through her attorney, pursue those rights, file pleadings, and assert those rights. Those are the amendments to the Constitution. So clearly our legislature has determined that there are unique situations, admittedly. And this is a unique... This may be interpreted as to the case-in-chief. We're talking about an answer and a reaction at this point in time. Yes. This isn't a statute to refer to basically talking about the case-in-chief itself in terms of the criminal prosecution that's being presented. It's our position that 8.1 talks about criminal proceedings and that the certificate of innocence is a part and parcel of the criminal proceedings. I don't know how you can look at and how they can argue that a hearing on which the contention is that the person who assaulted my client is innocent and that my client lied, made the story up, lied under oath, and did it all for money and that that's not a situation that relates to the criminal proceeding. It relates very directly to it. It is as much connected as the clemency proceedings and other proceedings that are specifically delineated in Marcy's law as the proceedings, the set of proceedings relating to the certificate of innocence. Let me ask you this. I think this is the key to the whole thing. You know, 702J, which says that the decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a race judicata effect on any other proceedings. So if that is the law, how does that in any way prejudice your claim? Judge, we cited the Klepper-Berg v. Berg case. It's a federal court decision. What's happening in these 1983 claims is that the— Are you talking about an unpublished— No, that was the Lake County decision, and we can talk about that. But the Klepper-Berg decision is a federal court decision in which it was decided that the certificate of innocence finding was relevant to the malicious prosecution case brought against the defendant in the federal court 1983 case. In this instance, what we have here is we have a sequence going on. The offender petitions the state's attorney, goes through Dick Devine, and they reject—the appellate court rejects. The jury found him guilty. Dick Devine lets stand the conviction. Anita Alvarez came in. A different decision was made. After that decision, they decide to now enforce the case. And then, of course, Mr. Chapman's attorneys, the lowly firm, prosecuted on behalf of his rights a certificate of innocence petition. That was step one of what was going to come, which is the 1983 case. Of course, the certificate of innocence is intended by them to be used as a sledgehammer against my client in terms of the impact it would have on any reasonable jury. The overwhelming weight of the jury being told that a judge has certified that Mr. Chapman was actually innocent when the whole basis of that claim is that my client made up the story and lied. That's what is being contended. So to say that that decision could not have an impact on my client where they're seeking punitive damages, where they've alleged in the complaint, the plaintiff, Mr. Chapman, has alleged in the complaint that the certificate of innocence is part of the evidence, and we have at least one federal court decision that has indicated that that certificate of innocence, although not res judicata, can be used against defendants in the case. Yeah, the point is that it's admissible. I mean, it may be admissible. You're going to be filing in federal court to keep out something that says he is innocent. Yes. I haven't read the federal case. Did they allow the basis for the filing? Because in your case, the guy is saying she's lying. Did they allow that in also or just the fact that the certificate of innocence was given? To my understanding from reading the opinion, I only understand that they allowed in that the certificate was granted so the jury was told that he was certified by a court in the Circuit Court of Cook County as being actually innocent. And then, of course, the jury is supposed to decide whether or not he's innocent or not when they're already told that a court decided that. My client is facing punitive damages from the man who attacked her in 2002, and she never had notice of the hearing and was never given her rights to be heard during the certificate of innocence hearing. Doesn't the trial court's ruling, though, the order that was entered, in essence, bar them from doing so because didn't Judge Joyce say that the determination of the certificate of innocence should not be applicable in any other actions? No, Your Honor. Actually, what he said was what was just mentioned by Judge Lankin, and that is that this ruling, he noted, cannot be used res judicata. It may or may not, is what he said in his opinion, be allowed in in the federal court. It may or may not. But the only decision that we have so far is one that says it will be. They have a malicious prosecution count. It's in their complaint. As we stand here today, the only decision that is out there in federal court says it's admissible and it's coming in. So I have to assume at this point, although you're correct, we will argue against its admissibility. I have to assume it's coming in. And I would assume that you could also prepare a jury instruction to such an effect to minimize that certificate if it does go into it. With all due respect, Your Honor, I really strongly disagree with that suggestion. That is that a jury is going to be told on the one hand that a certificate of innocence has been granted by a judge, the chief judge, and the criminal court system. But it has no responsibility. You guys decide on your own. You know, don't take it. Even more, let's get around to Section 702J, where it says that it should be binding only in court of claims and will not have a res judicata. It's not binding. How do we do that? Tell me, how do we write it? Tell me how we write it. Your opinion? All you have to do is under 408, all you have to do is acknowledge that her rights were not defended. The state's attorney's position, and I take no adverse position to them generally, but in this case, they made a determination for whatever reason that they were going to release this man, and therefore that position had to be adverse to my client's position that this was a true story, that she was attacked, that she was harmed, for the court to say that they represented her interests adequately. And 408 says that where someone has a unique interest, and 8.1 says where the state's attorneys don't object or don't raise a position of a victim, that victim's attorney can raise that position. They didn't raise the position. No one filed a response brief, and no one made any argument on her behalf. No one even presented her side of the story of the Certificate of Innocence petition. What about the argument that we're looking at two different types of rights here, the public interest right as opposed to private rights? And they've asserted an argument that at the criminal level, what we're dealing with here is the public interest right, right? And it's something with the Certificate of Innocence. So therefore, does your client have a right to bring this action since her rights aren't affected? Her credibility was never really specifically attacked at the Certificate of Innocence, in the sense that her character wasn't put on file. She didn't have an opportunity to contest what was alleged. So therefore, how, you know, I mean, you bring in all these accusations, right? Yes. She wasn't there. Yes. Therefore, her license was just a hearing, all right? So how is her proprietary rights affected? Your Honor, in multiple ways. One, that ruling has put her property rights at great risk. Once the jury is told in the federal court case that the Certificate of Innocence was granted, finding that Mr. Chapman was actually innocent, that will have enormous weight. That will be a mountain for us to climb to try to rebut it and start even in the federal court case. She stands to lose punitive damages at all. She stands to lose everything she owns, everything she has. She has property rights. We recognize defamation injuries in this state. If a person's integrity, their character, is impugned, we recognize that that is a damage. The allegations in the Certificate of Innocence petition are an unbelievable attack on her character, her credibility. It alleges essentially she lied under oath on two separate occasions at least, in a civil case under oath and in the criminal court case. These are felonies. This is defamation. She is injured the moment that petition is filed. It's protected, of course, and they were able to file it and it's protected under the defamation laws. But she is injured from that moment. We're not getting into the fact that it was published in the newspaper. Putting the Certificate of Innocence to the side, even if we would write that her rights were violated, they still would be able to bring out the fact that the defendant was dismissed of the charges. Yes, that's fine. Just not that a court made a determination already. If I were on a jury, I'd be asking why are we here if I were told that a court already issued a Certificate of Innocence. I think that would be quite puzzled. I think this is a tremendous detriment. I can live with the fact, Your Honor, that the charges were dismissed, and we'll live with that. But she's entitled to be heard. She just wants to have a hearing, just a fair hearing. The Federal Court hearing that she's facing now, the 1983 case, she faces financial and personal ruin. The personal ruin has already begun with the publication of this public determination. Now she faces financial ruin. But she's already paying lawyers. Pardon? I said, but she's already paying lawyers. So that's money that's coming out of her pocket. The law says she's doing it for free. I'm not doing it for free, I must confess, Your Honor, although this is a case that would compel one to do so. Both sides of this case state compelling positions. All we want is a fair balance. We didn't have that in the COI. This is what 408 does. You can say, without getting any further, this is a unique case, a unique circumstance, and we find under 408 that her 1983 case has common issues to the COI. That's one basis, and that could be it, and it's unique to her. You could also find that because of the nature of this case, she wasn't burglarized and didn't see the victim. The allegations in the Certificate of Innocence were directly accusatory that she lied, lied under oath, put a man in prison for 11 years and did it for money. Those kind of accusations are horrible. And the State's Attorney's position, once they decided that they were going to nolly-cross the case, how would they be adequate to represent her interests at that point when they've already decided they're going to nolly-cross the case? This is a classic 408 exception. It doesn't open any wide doors. You just have to determine that this unique case, this unique woman, can deserve the right to be heard on the Certificate of Innocence and let each party have an even fair chance at that determination. And if at the end of all of that and with all the evidence out, the court determines that he is entitled to the Certificate of Innocence, then fine. I don't think that would be the case, but we just want a fair hearing. We didn't get one, and now the burden that she is facing is the most unfair burden that I can remember in a long time in any case. The idea, the premise of what we all do is that parties, litigants, come into court, and they start out even. That's the premise of what we do. There is no way with the Certificate of Innocence that my client starts out anywhere near even. All right, they argue that 702 doesn't authorize her intervention. You're arguing that 408 does allow. So how does 408 trump 702? Because their argument is that the statute clearly says that she's not authorized to intervene. Correct. 702 doesn't disinclude anyone else. It simply says you need to give notice, and these parties have the right to intervene. We cited case law, the Kramer case for the proposition that saying some people are invited to the party doesn't mean that others aren't if there's an exception. And 408 provides that exception, if not 8.1 and other reasons that I will withhold from arguing. I realize I'm running long on time, but I do want to answer all your questions. You are running out of time. Yes. You should save some time. I do. Thank you. Thank you. Thank you. Good morning. May it please the Court, Counsel. Listening to Counsel's argument, one might forget that this is a case in which Mr. Chapman's convictions were reversed. The State did a very unusual thing. It conducted its own investigation and in its own initiative found that these criminal charges were needed to be reversed. It supported Mr. Chapman's immediate release. This is not the case that they paint of a victim being re-victimized here. But either way, this entire appeal is to enforce legal rights that the appellant doesn't have. Even if she were a victim, there is nothing that gives victims the right to litigate, to intervene post-judgment and litigate a certificate of innocence. And since Counsel began with the intervention statute, I'm happy to begin there because, remember, they have to win that they have a right to do this, and they also have to win a vehicle to do this. And they don't have a vehicle. The intervention statute says that they have to be bound by the judgment. And as Justice Gordon repeatedly pointed out, there is that problem with 702J that says there's no race judicata effect. And they also have to have no other way of protecting their rights. They do. This is a motion in limine in federal court that they need to be litigating in federal court. And whether or not that court decides to abide by a sister court judgment, it's not bound to. They certainly can litigate it. They can take it to the Seventh Circuit. They can seek a limiting instruction. There are rules of other ways for them to try and enforce, to try and oppose Mr. Chapman, you know, finding of innocence. They can argue in court that her claims were true. They can try and dispute the DNA evidence, all of the witnesses, all of the evidence of the false, all of the evidence that they want to present, they want them to present that in federal court, and to see whether or not they can convince a jury of it. And that's having another route. Now, you're not entitled to use the intervention statute if you have another route. And they can't show that they have a direct, immediate, and substantial impact like they need to in order to invoke the intervention statute. I would like to talk, too, about that they don't have a right, even if you were to have intervention here. When you look at the language of the Constitution and the Marcy's Law amendments, it's clear all of these things are talking about criminal proceedings. And in Counsel's argument, he even said, you know, we know that certificate of innocence must be part of criminal proceedings. But, no, that's a false assumption that he rests his entire argument on. Because in all of the language of the Constitution and of the Marcy's Law amendments, when you look at it, it's talking about the accused, it's talking about prosecutors, it's talking about criminal proceedings. We are in a whole different world by the time you get to a certificate of innocence. We're in a position where this man has had his conviction reversed. He cannot be recharged. He is no longer an accused. The prosecution has the option to intervene but is not required to. They're no longer prosecuting him. The language that they try and rely on from the Constitution and from Marcy's Law amendment have no bearing here. There's nothing that says, that gives them this right for, even if she were a victim, for victims to intervene in certificate of innocence proceedings. But, you know, one argument that he makes, which is very true, is the fact that in his proceeding, you know, it won't start out as an even playing field. Unfortunately. He'll need to file a motion to eliminate and he'll need to convince the federal court that the federal court should not allow this and he'll have the support of 702J and he'll make his arguments and he'll win or lose in federal court. But that doesn't give him the authority. That doesn't change that the statute, the certificate of innocence statute, talks about who are necessary parties and that's the state and the attorney general's office. It doesn't change the fact that Marcy's Law is talking about criminal law, about rights in criminal proceedings. It doesn't change the Constitution. That she may have a disadvantage in her litigation has nothing to do with whether or not she has a constitutional right. And this court should not conduct a trial within a trial to try and figure out whether or not she truly was victimized. I mean, I'm happy to present all of the evidence of the exonerating DNA evidence, all of the evidence that Mr. Chapman was not in the Daly Center, that all of the – but I'm not sure that the court wants to hear it. If the court wants to hear it, I'm happy to talk about it because this was a really appalling and disturbing framing of an innocent man. This was a mentally ill guy who, by all witness accounts, was extremely decompensated when he supposedly confessed. There were no fingerprints. There were – all – the supposed exit from the Daly Center had a veneer can. Everybody was on full alert. I mean, this is not a – this is not a case where I think they want to have that trial within a trial, and I don't think this is the forum for it. Just mention right now, all right? So that's what's going to come out in federal court. A proprietary interest is affected. So all they're asking for is an opportunity to have had – been present at the hearing. Well, first of all, they need to have – they need to have a right to do that. The Constitution doesn't provide it. The Certificate of Innocence Statute doesn't provide it. Marcy's law doesn't provide it. And second of all – so, I mean, she didn't have a right to be in there. And second of all, she has another way to litigate that right. And the Intervention Statute is very clear. And there is – it's really disfavored to go in a year post-judgment and intervene in something, and she has the burden here to prove that she should be able to do that. And the law is very clear. If you have another way of enforcing that same right, you've got to go that route. And she does. File a motion and eliminate. Litigate it. You know, argue that it's not an even playing field. Ask for jury instructions that limit it. Ask that it not be admitted at all. You know, argue that 702J means it shouldn't come in. She has all of those tools in her belt that she can use. But that doesn't change the fact that there is nothing in the Certificate of Innocence Statute. And I challenge counsel to stand up here and thank you to a section that says that a victim has a right to litigate in a Certificate of Innocence proceeding. I am confident my colleague from the State here will argue that they do not. There's nothing in the statute that gives her that right. There are constitutional problems with that, as I'm sure the State will argue, with giving her that right. There may be some situations where a victim is a participant in a Certificate of Innocence proceeding, when the State chooses to call that. But the proceeding, the Certificate of Innocence, involves two parties. It involves the State's interest and the interest of the formerly accused person. And those interests were all represented. And an alleged victim simply doesn't have one. So if there are no further questions, I would just like to remind the Court that any single one of the flaws delineated in our brief or the State's brief means that it defeats this appeal. I mean, any of them. If she doesn't have a right under 214.01, if she doesn't have a right under the Intervention Statute, if she's wrong because none of these statutes give her this right anyways, if she's not a victim. I mean, she has a lot of hurdles, and she has to overcome every single one of them in order to claim the relief that she's seeking. The law does not support her, and I urge you to affirm. Thank you. Thank you. Your Honors, good morning. Good morning. Counsel. At the outset, I'd like to address an issue that Justice Gordon raised about regarding the use, the possible use of the Certificate of Innocence in a future federal case. As Your Honors, you pointed out there was a res judicata problem under Section 2702J. What that section says is a decision to grant or deny a Certificate of Innocence shall be binding only with respect to claims found in the Court of Claims and shall not have a res judicata effect in any other proceedings. I'd like to add two other points to that. First of all, not only is there a res judicata problem because of 2702J, but under Article I, Section 8.1b of the Constitution, we know that a victim does not have party status. And if someone's not a party, how could any order be used in res judicata against them later in a future lawsuit? So there's a double res judicata problem, one based on the statute and one based on the Constitution. If I could interrupt you for a second. But 702E specifically mentions Attorney General and the State's Attorney. That's right. If they were intending to exclude anybody else, why wouldn't the legislature put that language in there? When we cited the statutory maximum, we think it applies here that the listing of certain exclusions, let's see if I can get it exactly right, the elimination of an exception in the statute is considered to be an exclusion of all other exceptions. So they said, okay, the State's Attorney and the Attorney General can intervene. First says, you see a petition for a certificate of innocence must be served on the AG and the State's Attorney. And those are the two officials that can intervene. That's significant because it's consistent with the long-standing constitutional doctrine from this court and the Supreme Court that only the State's Attorney and the Attorney General can represent the public interest. And the answer is really at stake here in a certificate of innocence, the public interest. Individuals may have an interest. The case that the plaintiffs cited, the Starks case in Wake County, was a policeman who attempted to intervene in a certificate of innocence petition, and the circuit court there allowed that. We think Starks was wrongly decided. In fact, we think Starks would potentially create a floodgate because there's all sorts of people who may have an interest in a criminal prosecution that was once done, later perhaps now either undone in some way, and then a petition for a certificate of innocence filed. You could have witnesses. You could have police. That's not what the legislature intended. What they intended was if there's a reason, if the public interest is served by intervention in a certificate of innocence petition, it's up to the State's Attorney and the Attorney General to do that. I was going to ask you... Well, I'm with it. I'm sorry. I'm sorry. What did the State say at the certificate of... We didn't intervene. I mean, I know you didn't. What did you say on the record? That's correct. Okay. With regard to the future use in federal litigation, there's a point that has not been raised, and that is if the certificate of innocence itself was offered to prove that Mr. Chattanooga is innocent, it would be an out-of-court statement used to prove the truth of the matter asserted. It would be hearsay. And there's no hearsay exception for this. Now, Federal Rule 803.22 or Illinois Rule of Evidence 803.22... Are you telling me that court orders are not an exception to the hearsay rule? Well, if you look at 803.22, it provides an exception for a criminal conviction, but there's no similar exception for a judgment in a civil case such as this. And that's what this says. I mean, even though, yes, it came out of the underlying case was originally a criminal case, this proceeding for a certificate of innocence was civil in nature. No, right now there's no hearsay exception that I can see that would cover it. So even beyond res judicata, we won't even get to res judicata. I don't know how to see how it comes with evidence in the first place. So it seems to me that's the argument that Ms. Riggio really needs to make in the federal court. And it doesn't make sense, I don't think, for this court to be able to turn basically... You're making a conclusion as to what the federal courts can do. Well, I think that's what they should do. Well, you know, I may think what they should do, too, but they're going to do what they're going to do. That's true, Your Honor. You know, they may do something that will prejudice this lady without question. I think we have to presume. I think it's, well, I think they should rule... The better argument is, the argument may quite stay here, that there's just no standing. Well, that is our argument, Your Honor. That is what it says. Our point is rules of standing should not be... To try to say that this is going to be an even playing field, you know, is like taking a glass of water and saying that it's a soda pop. Your Honor, I know there may be challenges. And I'm not even saying they couldn't endlessly prove the proposition about innocence or lack thereof. They certainly have an opportunity to prove that up. But my point is that this court... of an adverse evidentiary decision in a future case, one that we think shouldn't happen in the first place. The rules of standing should be given effect. And under those rules, Your Honor... Well, I don't think appellate courts have the authority to change laws as they exist. Well, I think that's... The Supreme Court might, but... And I think that's what they're asking you to do here, Judge. It's in Justice's court. I think it's clear that, you know, under People, Epstein, Bailey v. Moran and the separation of powers provision in the Constitution, only the state attorney can decide whether to bring criminal charges at all, or if so, what charges to bring. It is here whether or not to oppose a certificate of innocence. And which, in this case, the office decided, obviously, not to do so. But if we're going to intervention, I have to say just a couple of things about that, which statute should apply. First of all, in the trial court, Ms. Riggio initially argued that she was a necessary party and was not intervening at all. Arguably, she's waived any argument she has about intervention. Assuming she does not waive that argument, we submit that the more specific statute, Section 2702, should control our intervention issues and not 2408. We cited Klein v. Hastings, a case that involved annexation of the Municipal Code and an attempt to conduct intervention there. And what this court said was in deciding intervention, we have to look to that provision of the Municipal Code, not 2408. The same rule should apply here. And 2702 does not authorize complaining witnesses intervening in a future petition for certificate of innocence. In the hearing, what are we dealing with? Is it a criminal warrant or is it something else? I think it's civil in nature, Your Honor. By preponderance of the evidence? By preponderance of the evidence. No one's going to jail. There's no, you know, either a certificate's going to be issued or not. If a certificate is issued, it's a predicate to making a claim in the court. Is that the authority of the state? In civil nature? Well, I mean, not other than Section 2702 as part of the Code of Civil Procedure. I think this may be a case of first impression in terms of a number of matters. But doesn't the statute say it's by preponderance of the evidence? It does. It's a statute, Your Honor. I don't have case law, but I do have the statute. One last thing I would add to you, Your Honor. Nothing in Article I, Section 8.1 of the Constitution or the Rights of Crime Victims and Witnesses Act or any law confirms a right for a complaining witness to intervene in one of these petitions for a certificate of innocence. And if they do want to intervene, they have to intervene as a party plaintiff or as a party defendant. Ms. Riggio can do neither. So we would ask, you know, and let me add one last thing. State's truly represents the public interest and not just the interest of one individual. I understand Ms. Riggio disagrees with the decision that State's truly made. But at the end of the day, that disagreement does not and cannot warrant or justify intervention in any way. So for those reasons, Your Honor, we'd ask that the decision of Judge Joyce, granting the motions to dismiss the petition to vacate the certificate of innocence, be affirmed. Ms. Cordes, no other questions. Thank you. Thank you. Just to address that last point, to make it clear to everyone, Ms. Riggio is not looking to step on the State's toes. The 702 provision statute is not a discretionary act of the State's Attorney's Office. They can't bring those charges, dismiss them. That is not one of their discretionary acts. They're given notice. Other people are not excluded from notice. They've incorrectly cited the principle of expressio unias exclusio to give you an example as to how that is appropriately applied. In 8.1, where it's referenced court proceedings, it says court proceedings includes but is not limited to, and then it goes on. And we contend that the certificate of innocence hearing is included in that. The expressio exclusio provision doesn't apply to that. It applies to the exceptions. Later on in that provision, it says court proceedings does not include, and then it goes on to say a few items that it does not include. They don't mention the certificate of innocence hearing in what is excluded from court proceedings. That's where the principle applies. The principle says if things are excluded, everything that isn't specifically excluded can be included. That means that the certificate of innocence hearing is included in court proceedings under 8.1. Also, while we're talking about 8.1, it's important to note counsel mentioned what's the vehicle. The vehicle for my client to protect her rights is 1401. It's the 1401 petition. And what does the law, what does the legislature have to say about whether or not she has the right to intervene and has the right to have an attorney and has the right to petition? Under 8.1c5, it says, quote, the following procedures, and I use the word procedures because we know that for retroactive effect, procedure versus substantive is important. The legislature says these are procedures. The following procedures shall be followed to afford victims the rights guaranteed by Article I, Section 8.1 of the Constitution. This section says this is what, let me explain to all of you, this is the legislature saying, look, if you didn't get it in the last two publications, in 92 and in 2014, let us make it even clearer. Here are the rights. And under that, it says that under Section 4, if the prosecuting attorney elects not to assert a victim's right or assert the victim's right or request enforcement of a right by filing a motion, the victim has the right to retain an attorney. Then it goes even further and says under Paragraph 5, it says violation of rights. If the court determines that a victim's right has been violated, the appropriate remedy shall include or may include reopening previously held proceedings. Our legislature has recognized that victims every now and then, although the state does a great job, police do a great job, the fact that people do a great job generally, that's fine, but sometimes their positions are not only inconsistent, they're directly accusatory and harmful to the victim. This is that situation where the state's attorney's position turned out to be, maybe certainly unintentionally, but turned out to be harmful. And the legislature determined under 8.1 and the subsequent revisions that apply retroactively, that in those situations, the victim deserves to be heard, repeatedly referencing the right to be heard. My client simply wants the right to be heard. Quickly, there was a reference to federal court and the suggestion by counsel for the state's attorney that, well, they shouldn't allow it in, etc. He obviously disagrees with the Kupferberg decision. In that case, just to make it clear to you, the court allowed in the certificate of innocence because in order to prove a malicious prosecution claim, you have to show that the case was dismissed favorably to the defendant. And the Nally Cross doesn't do that. So the court let in the certificate of innocence in that case. We have every reason to believe that's what's going to occur in this case. It was a Nally Cross case. We are not looking for party status. We are looking for a unique, singular application of 408 that is consistent with 702, which doesn't exclude it, and not only consistent but follows the mandate of 8.1 in our Constitution and the subsequent amendments, all of which suggest that victims' rights deserve some consideration in exceptional circumstances. And that isn't inconsistent with everyone else's position in this case. So you're telling me that you can't get into evidence that the case was Nally Cross, a civil case? You can. What I'm saying, Judge, is that what the federal court determined was there isn't a resolution that they deemed favorable to. That's not proof of a favorable resolution to the defendant. Yeah, that was my question. I had written it down. Did this federal case actually say a Nally Cross didn't indicate that the case was disposed favorably to the accused? That's my recollection from the decision, correct? And therefore, to prove their malicious prosecution claim, the suggestion to the court was we need to submit the certificate of innocence because that doesn't – I mean, how could a court say it's not favorable when the charges are dismissed? I mean, isn't that silly? That's why I was asking if the case – I personally don't understand the distinction, but Nally Cross just means – I think it's some – I only took two years of that in high school, so I'm a bit deficient as I stand before you. But I think it just means never happened, didn't happen. It doesn't mean that it went favorable to him, that he won it. It just means – He could have proceeded with the case. Right, correct. But other than – Proceed with the case. Correct. But that doesn't mean it was favorable, that he was found innocent. You know, there are people that go to trial and the case is dismissed because the jury finds that they were not guilty by, you know, the legal standard to prove them guilty. This – Nally Cross is – it's a Harry Potter – What you're telling us is that a certificate of innocence will hurt you more than a Nally Cross. Oh, without question, Your Honor. That's your telling us. Yes, sir. Yes, sir. All right. If the certificate of innocence, period, is a civil offender – Yes. What about the argument that 408 doesn't apply because 408 actually pertains only to criminal matters and criminal prosecutions? Your Honor, if that's true, then it's my misunderstanding. 408, as I understand it, is an intervention statute that is general in application. And I don't think it's limited at all to criminal proceedings whatsoever. 8.1 talks about criminal proceedings, but then when you look into 8.1, it says definition of civil proceedings, and it says including but not limited to has a wide array of things. And how can one say that a hearing in front of a judge as to whether or not the defendant's innocent and my client lied, how can one say that's not part of the criminal proceedings, civil proceedings? Thank you very much. We're going to take this case under advisement. A very interesting case. Also a case that we haven't heard before. And we thank you for the briefs and your arguments. They were very well done. Court is now adjourned.